**UNITED STATES of America, Appellee,**

v.

**Benjamin STAGG, Appellant.**

**No. 75–3013.**

United States Court of Appeals,
Ninth Circuit.

July 26, 1976.

Rehearing Denied Sept. 24, 1976.

Michael D. Nasatir (argued), of Nasatir, Sherman & Hirsch, Beverly Hills, Cal., for appellant.

Darrell MacIntyre (argued), Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before ELY and GOODWIN, Circuit Judges, and PECKHAM,[*] District Judge.

PER CURIAM:

Stagg's six-count conviction for conspiracy and for possessing and distributing co-

---

\* The Honorable Robert F. Peckham, United States District Judge for the Northern District of California, sitting by designation.

caine in violation of 21 U.S.C. §§ 846, 841(a)(1), and 18 U.S.C. § 2 (aiding and abetting), is remanded for a new trial. *United States v. Demma,* 523 F.2d 981 (9th Cir. 1975) (en banc).

The district court, believing at the time of trial that it was bound by *Eastman v. United States,* 212 F.2d 320 (9th Cir. 1954), did not permit Stagg to present his tendered entrapment defense until after he took the stand and admitted the conduct described by the government's witnesses.

In *United States v. Demma, supra,* decided after this case was tried, we held that the *Eastman* rule was inconsistent with Supreme Court decisions on entrapment. We overruled *Eastman* without indicating whether *Demma* should apply to pending cases. We did point out, however, that the rule in *Demma* was not a declaration of a new rule of law, but merely a correction of an aberration which began with *Eastman.* Accordingly, there is no reason for refusing to apply *Demma* to cases pending on appeal at the time *Demma* was decided. *United States v. Hart* (9th Cir. 1976) (en banc).

Vacated and remanded.